MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (702) 851-2189
gesundk@gesundlawoffices.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROSE BUCHHOLTZ, an individual, on behalf of themselves and those similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>ARM WNY, LLC, a New York limited liability company;<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff, ROSE BUCHHOLTZ. (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action on her own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §

- 1 -

1692, *et seq.* the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227, *et seq.* and Nevada's Deceptive Trade Practices Act, NRS § 598, *et seq.*

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227, *et seq.* and 28 U.S.C. § 1331. The Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendants reside and/or do business in the District of Nevada. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

2. PLAINTIFF is a natural person residing in Las Vegas, Nevada.

3. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

4. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

5. ARM WNY, LLC (hereinafter referred to as "DEFENDANT") is a New York limited liability company, the principal purpose of whose business is the collection of debts.

6. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

///

///

## STATEMENT OF FACTS

7. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 6 inclusive, above.

8. On or about March 20, 2013, PLAINTIFF applied for a consumer loan with Hydra Financial Limited Fund I ("Hydra").

9. PLAINTIFF borrowed $300.

10. On or about May 7, 2013, after learning that Hydra was not a licensed payday lender in Nevada, PLAINTIFF emailed Hydra voiding the contract. A copy of the email is attached hereto as **Exhibit "1"**.

11. At that time, PLAINTIFF had already paid back to Hydra $270. PLAINTIFF advised Hydra that she would pay back the remaining $30 of principal, at which point she expected the debt to be fully repaid.

12. On or about December 18, 2013, DEFENDANT began placing automated calls to PLAINTIFF'S cell phone number in connection with the collection of the Hydra debt. DEFENDANT left the following pre-recorded message on PLAINTIFF'S cell phone:

> Please be advised that this is ARM WNY. We are attempting to reach Rose Buchholtz for a recorded statement at this time. We have made several attempts to reach you with no results. A decision will be made at the end of business in regards to transferring this issue to the audit department for review. You must speak with a representative now to clarify your tardiness and to discuss your options for a resolution to this issue. For a direct connect to a representative, please press 1. We can also be reached directly at 1-855-935-3682. Once again the number to be reached is 1-855-935-3682. This is an attempt to collect a debt and any information obtained will be used for that purpose.

13. The pre-recorded message provided conflicting and misleading information in that it claimed DEFENDANT was attempting to obtain a recorded statement rather than money.

14. The pre-recorded message also misrepresented that a decision regarding the account would be made that day.

15. However, DEFENDANT continued to place collection calls to PLAINTIFF'S cellular phone and work phone numbers.

16. On or about December 26, 2013, DEFENDANT placed an automated call to PLAINTIFF'S cell phone number in connection with the collection of a consumer debt. DEFENDANT left the following message on PLAINTIFF'S cell phone:

> Good afternoon. I was calling to speak with Rose Buchholz. This is Mike Kelly calling with ARM Services. I do need to speak with you or your attorney as soon as possible. Please return phone call at 855-735-4661 ext. 172 for statement of intent. Have a wonderful day.

17. The message again misrepresents that DEFENDANT is seeking a statement of intent rather than money.

18. The message fails to identify that the call was an attempt to collect a debt and that any information obtained will be used for that purpose, or that the communication was from a debt collector.

19. A number of other messages left by DEFENDANT mentioned that they had files on their desk for Clark County courts. One message notified PLAINTIFF they were pursuing check fraud charges against her.

20. No lawsuits have been filed against PLAINTIFF as of the filing of this complaint.

21. On or about December 26, 2013, PLAINTIFF called DEFENDANT back. DEFENDANT misrepresented to PLAINTIFF that it was not collecting a debt and would not be taking her payment information. DEFENDANT claimed it was only seeking a statement of intent which would then be provided to Mr. Chillini, a lawyer, who would advise DEFENDANT on what action to take next. During that conversation, PLAINTIFF notified

DEFENDANT that she is not permitted to receive personal calls at work and requested DEFENDANT stop calling her work number.

22. On or about December 27, 2013, PLAINTIFF sent DEFENDANT a confirming email requesting validation of the debt and that they stop calling her at work. A copy of the email to DEFENDANT is attached hereto as **Exhibit "2"**.

23. Nevertheless, DEFENDANT continued to place collection calls to PLAINTIFF'S work number. For example, DEFENDANT called PLAINTIFF'S work number on January 2, 8, and 9, of 2014.

24. On or about January 9, 2014, PLAINTIFF sent another email to DEFENDANT, again requesting they cease calling her work numbers and reminded them of her request for validation. A copy of the email to DEFENDANT is attached hereto as **Exhibit "3"**.

25. On or about January 10, 2014, DEFENDANT sent PLAINTIFF an initial collection letter. A copy of DEFENDANT'S initial collection letter is attached hereto as **Exhibit "4"**.

26. DEFENDANT'S initial collection letter is a clear attempt to collect an outstanding debt, rather than a statement of intent. It lists the amount owed, notifies PLAINTIFF that it can assist her in resolving the account, and provides numerous payment options.

27. DEFENDANT is not registered as a debt collector in the State of Nevada.

28. Hydra Financial Limited Fund I is not a licensed payday lender in Nevada.

29. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein.

PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

30. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 29 inclusive, above.

31. These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes :

    a. Class Number One: A nationwide class consisting of consumers who:

        i. Within one year prior to the filing of this action;

        ii. Were notified that DEFENDANT was attempting to obtain a recorded statement of intent (rather than money to repay the debt); or

        iii. Were notified that a decision regarding the debt would be made that day.

    b. Class Number Two: A class consisting of nationwide consumers who:

        i. Within one year prior to the filing of this action;

        ii. Were not provided § 1692g(a) notices;

        iii. Within 5 days from the initial communication with DEFENDANT.

    c. Class Number Three: A class consisting of Nevada consumers who:

        i. Within three years prior to the filing of this action;

        ii. Received a communication from DEFENDANT in connection with the collection of a debt;

        iii. When DEFENDANT was not registered as a debt collection company in the state of Nevada.

    d. Class Number Four: A class consisting of nationwide consumers who:

      i. Within 4 years prior to the filing of this action;

      ii. Were autodialed or received automated messages on their cellular telephones from DEFENDANT;

      iii. Without providing prior consent to do so.

  e. Class Number Five: A class consisting of Nevada consumers who:

      i. Within 1 year prior to the filing of this action;

      ii. Received a communication from DEFENDANT in connection with the collection of a debt from a payday lender;

      iii. When the creditor was not licensed with the state of Nevada pursuant to NRS 604A, *et seq.*

32. Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

  a. DEFENDANT does not have a policy of sending 1692g(a) compliant collection letters within 5 days from the initial communication;

  b. DEFENDANT has a policy of misrepresenting that it is attempting to obtain a statement of intent rather than money to repay the alleged debt;

  c. DEFENDANT was not a licensed debt collector in Nevada at the time it was collecting debts in this state;

  d. DEFENDANT autodialed and/or left automated messages on consumer cellular telephones without receiving prior consent to do so; and

  e. DEFENDANT attempted to collect debt incurred by a lender not licensed pursuant to NRS 604A, *et seq.*

  f. There are questions of law and fact common to the class that predominate over any questions affecting individual class members.

    g. The only issue related to the individuals of class is the identification of the individual consumers who were provided improper communications a matter capable of ministerial determination from the DEFENDANT'S records.

    h. PLAINTIFF'S claims are typical of those of the class members. All are based on the same facts and legal theories.

    i. PLAINTIFF will fairly and adequately represent the class members' interests and have retained counsel experienced in handling class actions and collection abuse claims.

33. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

34. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e (5) and (10)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND
ON BEHALF OF CLASS NUMBER ONE**

35. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 34 inclusive, above.

36. A debt collector is prohibited from threatening "to take any action that cannot legally be taken or that is not intended to be taken". 15 U.S.C. § 1692e(5).

37. Further, a debt collector is prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". 15 U.S.C. § 1692e(10).

38. In the instant matter, it appears that DEFENDANT has a collection scheme to hook consumers by pretending it is not attempting to collect a debt but rather trying to obtain a statement of intent.

39. DEFENDANT left the following message claiming it was attempting to reach PLAINTIFF to obtain a "recorded statement" and that a decision regarding her account would be made that day:

> Please be advised that this is ARM WNY. We are attempting to reach Rose Buchholtz for a recorded statement at this time. We have made several attempts to reach you with no results. A decision will be made at the end of business in regards to transferring this issue to the audit department for review. You must speak with a representative now to clarify your tardiness and to discuss your options for a resolution to this issue. For a direct connect to a representative, please press 1. We can also be reached directly at 1-855-935-3682. Once again the number to be reached is 1-855-935-3682. This is an attempt to collect a debt and any information obtained will be used for that purpose.

40. DEFENDANT continued to place collection calls to PLAINTIFF'S cell phone and work phone numbers.

41. When PLAINTIFF spoke with DEFENDANT on or about December 26, 2013, one of DEFENDANT'S collectors also notified PLAINTIFF that it was not a debt collector, rather it was seeking a statement of intent that it would provide to its attorney.

42. However, DEFENDANT'S collection letter dated January 10, 2014, attached hereto as **Exhibit "4"**, indicated DEFENDANT was in fact attempting to collect a money amount from PLAINTIFF.

43. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

44. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

### SECOND CLAIM FOR RELIEF

**VIOLATION OF THE FDCPA 15 U.S.C. § 1692g(a)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF
CLASS NUMBER TWO**

45. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 44 inclusive, above.

46. The FDCPA requires that, within five days after the initial communication with a consumer in connection with the collection of any debt, the debt collector shall send the consumer a written notice containing:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

47. Here, DEFENDANT failed to send PLAINTIFF an initial §1692g(a) collection letter within 5 days from the initial communication.

- 10 -

48. DEFENDANT began leaving automated messages on PLAINTIFF'S cell phone and work phone numbers in early December of 2013.

49. However, DEFENDANT did not send an initial § 1692g(a) notice to PLAINTIFF until January 10, 2013, after PLAINTIFF'S December 26, 2013 and January 9, 2014 email requests.

50. Clearly DEFENDANT does not have a policy of sending out initial § 1692g(a) notices.

51. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

52. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

### THIRD CLAIM FOR RELIEF

**VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT AGAINST DEFENDANT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER THREE**

53. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 52 inclusive, above.

54. PLAINTIFF'S Consumer Fraud claim is based on NRS 41.600 for violations of NRS Chapter 598.

55. At all times herein DEFENDANT was subject to the provisions of the Nevada Deceptive Trade Practices Act; NRS 598.

56. Pursuant to NRS 598.0923: "A person engages in a 'deceptive trade practice' when in the course of his business or occupation he knowingly: 1. Conducts the business or occupation without all required state, county or city licenses. …"

57.     Pursuant to NRS 649.075, as a collection agency operating in Nevada, DEFENDANT was and is required to obtain a license to operate as a collection agency, issued by the Nevada Department of Financial Institutions.

58.     Pursuant to NRS 649.075, and pleaded in the alternative, as collection agency operating from outside Nevada, but collecting debt from Nevada residents, DEFENDANT was and is required to obtain a certificate of registration as a foreign collection agency with the Nevada Department of Financial Institutions.

59.     DEFENDANT is not currently, and at all material times was not licensed as a collection agency in Nevada and has not registered as a foreign collection agency in Nevada and, as a result, DEFENDANT has violated the Nevada Deceptive Trade Practices Act.

60.     DEFENDANT is subject to liability for damages, as well as PLAINTIFF'S attorney fees and costs pursuant to NRS 41.600 for violations of the Nevada Deceptive Trade Practices Act and PLAINTIFF and the class members are entitled to damages as set forth in the Prayer for Relief herein.

61.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

### FOURTH CLAIM FOR RELIEF

**VIOLATIONS OF THE TCPA 47 U.S.C. § 227
BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF
CLASS NUMBER FOUR**

62.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 61 inclusive, above.

63.     A debt collector is prohibited from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a paging service, cellular telephone service,…" 47 U.S.C. § 227(b)(1)(A)(iii).

64. In December of 2013, DEFENDANT began placing calls using an automatic telephone dialing system and leaving prerecorded voicemails on PLAINTIFF's cellular telephone.

65. PLAINTIFF did not expressly consent to receive calls from DEFENDANT.

66. As a result of DEFENDANT's TCPA violations, PLAINTIFF, on behalf of herself and those similarly situated, are entitled to an award of statutory damages.

67. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF, on behalf of herself and those similarly situated, are entitled to recover reasonable attorneys' fees therefor.

### FIFTH CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(2), e(5), e(10), f(1) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER FIVE**

68. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 67 inclusive, above.

69. A debt collector is prohibited from misrepresenting "the character, amount, or legal status of any debt". 15 U.S.C. § 1692e(2)(A).

70. A debt collector is prohibited from making a "threat to take any action that cannot legally be taken or that is not intended to be taken". 15 U.S.C. § 1692e(5).

71. A debt collector is also prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". 15 U.S.C. § 1692e(10).

72. Finally, a debt collector is prohibited from collecting "any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law". 15 U.S.C. § 1692f(1).

73. Here, DEFENDANT attempted to collect a debt it was not legally entitled to collect.

74. Pursuant to NRS 604A.920 1, "if a person operates a check-cashing service, deferred deposit loan service, high-interest loan service or title loan service without obtaining a license pursuant to this chapter ... [a]ny contracts entered into by that person for the cashing of a check or for a deferred deposit loan, high-interest loan or title loan are voidable by the other party to the contract".

75. The creditor, Hydra Financial Limited Fund I is a payday lender, not licensed with the State of Nevada, in violation of NRS 604A, *et seq.*

76. On or about May 7, 2013, after learning that Hydra was not a licensed payday lender in Nevada, PLAINTIFF emailed Hydra voiding the contract. See **Exhibit "1"**.

77. As such, DEFENDANT is attempting to collect a non-existent debt.

78. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

79. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF, on behalf of herself and those similarly situated, is entitled to recover reasonable attorneys' fees therefor.

### SIXTH CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692c(a)(3)
BROUGHT BY PLAINTIFF INDIVIDUALLY**

80. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 79 inclusive, above.

- 14 -

81. A debt collector is prohibited from communicating with a consumer in connection with the collection of a debt "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer form receiving such communication". 15 U.S.C. § 1692c(a)(3)

82. On or about December 26, 2013, PLAINTIFF notified DEFENDANT over the phone that she was not permitted to receive personal calls at work and requested DEFENDANT stop calling her work number.

83. On or about December 27, 2013, PLAINTIFF sent DEFENDANT a confirming email requesting validation of the debt and that they stop calling her at work. See **Exhibit "2"**.

84. Nevertheless, DEFENDANT continued to place collection calls to PLAINTIFF'S work number. For example, DEFENDANT called PLAINTIFF'S work number on January 2, 8, and 9 of 2014.

85. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

86. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

### SEVENTH CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(11), BROUGHT BY PLAINTIFF INDIVIDUALLY**

87. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 86 inclusive, above.

88. A debt collector is required to "disclose in subsequent communications that the communication is from a debt collector". 15 U.S.C. §1692e(11).

89. On or about December 26, 2013, DEFENDANT placed an automated call to PLAINTIFF'S cell phone number in connection with the collection of a consumer debt. DEFENDANT left the following message on PLAINTIFF'S cell phone:

> Good afternoon. I was calling to speak with Rose Buchholz. This is Mike Kelly calling with ARM Services. I do need to speak with you or your attorney as soon as possible. Please return phone call at 855-735-4661 ext. 172 for statement of intent. Have a wonderful day.

90. The message failed to identify that the communication was from a debt collector.

91. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

92. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

### EIGHTH CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(2), e(5), e(10), BROUGHT BY PLAINTIFF INDIVIDUALLY**

93. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 92 inclusive, above.

94. A debt collector is prohibited from misrepresenting "the character, amount, or legal status of any debt". 15 U.S.C. § 1692e(2)(A).

95. A debt collector is prohibited from making a "threat to take any action that cannot legally be taken or that is not intended to be taken". 15 U.S.C. § 1692e(5).

96. A debt collector is also prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". 15 U.S.C. § 1692e(10).

97. A number of messages left by DEFENDANT falsely implied that litigation was pending or imminent. DEFENDANT advised PLAINTIFF that DEFENDANT had files on

- 16 -

their desk for Clark County courts. One message notified PLAINTIFF they were pursuing check fraud charges against her.

98. No lawsuits have been filed against PLAINTIFF as of the filing of this complaint.

99. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

100. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

### DEMAND FOR JURY TRIAL

101. Please take notice that PLAINTIFF demands trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) For disgorgement of all of Defendant's revenues obtained through use of the script at issue;

(5) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims;

(7) For statutory damages awarded to PLAINTIFF, pursuant to 47 U.S.C. § 227(b)(3);

(8) For such additional damages as are allowed pursuant to the Nevada Deceptive Trade Practices Act, including punitive damages; and

(9) For any and all other relief this Court may deem appropriate.

DATED this ___ day of July 2014.

THE BOURASSA LAW GROUP, LLC

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (702) 851-2189
*Attorney for Plaintiff*